## WEBB *v.* NEASE.

Opinion delivered January 28, 1899.

1. REFORMATION—PROOF OF MISTAKE.—Reformation of a deed of land on account of a mistake of the parties as to the extent of interest conveyed will not be decreed unless the proof of such mistake be clear and convincing. (Page 160.)

2. PARTITION AGREEMENT—CONSTRUCTION.—A widow joined with T., one of her two sons by her last marriage, in relinquishing all claim to part of her late husband's land to W., the other son, who, in consideration thereof, conveyed to her and to T., and their heirs and assigns, all his interest in the remainder of his father's land. She then made an oral agreement with T. for partition of such remainder, which was executed by delivery of possession, and afterwards died, leaving her property by will to a son by a former marriage. *Held* (1) that by his deed W. conveyed to the widow and T. each an undivided one-fourth interest in the land released by him, the title to the other half being already vested in T. subject to the widow's rights of dower and homestead therein; (2) that the oral agreement between the widow and T. should, in the absence of evidence to the contrary, be considered a recognition of the estate she already owned, and not to create a new estate in her; (3) that the

dower and homestead interests of the widow passed out at her death, leaving to be disposed of by will. only the undivided fourth interest which she purchased from W.   (Page 160.)

Appeal from Pope Circuit Court in Chancery.

DAN. B. GRANGER, Special Judge.

### STATEMENT BY THE COURT.

Woodford C. Webb died in 1882, leaving surviving him his wife, M. P. Webb, and two sons, Woodford C. Webb, Jr., and T. J. Webb. He owned at time of his death 360 acres of land, a part of which was his homestead. The two sons coming of age, they and their mother, M. P. Webb, entered into the following agreement for a division of the land:

"Whereas, Woodford C. Webb having died on or about the ——— day of ———, 1882, leaving no will or other disposition of his lands, to-wit: The southeast ¼ of section 2, township 6 north, range 18 west, and the south ½ of the east ½ of the northwest ¼, section 11, township 6 north, range 18 west, containing in all 360 acres, more or less, situated in Pope county, Arkansas. Therefore, between us, the undersigned lawful heirs of the said Woodford C. Webb, this agreement is mutually made and entered into, to-wit: By and between Mrs. M. P. Webb, widow of the said Woodford C. Webb, deceased, and T. J. Webb and W. C. Webb, Jr., sons of the said Woodford C. Webb, deceased, for and in consideration of mutual friendship and affection, as widow and sons of said deceased, for the fair, just and equitable division of the lands aforesaid; that is to say, it is hereby agreed and stipulated that the said W. C. Webb, Jr., shall take, as his part or share of the said lands, the southeast ¼ of section 2, township 6 north, range 18 west, being 160 acres, more or less. And that the said M. P. Webb and T. J. Webb shall release, relinquish, and quitclaim all their right, title and interest in and to the said lands to the said W. C. Webb, Jr. And that the said W. C. Webb, Jr., in consideration aforesaid, and also of the relinquishment of interest as aforesaid in the last described tract of land, hereby agrees to relinquish and quitclaim to the said M. P. Webb and T. J.

Webb all of his interest in and to the northeast ¼ and the south ½ of the northwest ¼ of section 11, township 6 north, range 18 west, being 200 acres, more or less. It is further agreed and hereby ratified that the said parties hereto shall each receive, have and enjoy the quiet and peaceable possession of their separate and respective lands, as herein agreed to be divided, free and relieved from the claims of the other party or parties, and that the one shall in no manner enter upon, use, cultivate or otherwise molest the other in such possession. In witness whereof we hereunto set our signatures this 9th day of January, 1883. Mrs. M. P. (her mark) Webb, T. J. Webb, W. C. Webb."

In pursuance of this agreement, Mrs. Webb and T. J. Webb executed a deed conveying to W. C. Webb all their right, title and interest in the 160 acres mentioned, and he, on his part, executed and delivered to them the following deed: "Know all men by these presents, that I, Woodford C. Webb, of the county of Pope and state of Arkansas, for and in consideration of the sum of one dollar to me in hand paid by Mrs. M. P. Webb and Thomas J. Webb, the receipt of which is hereby acknowledged, and for the further consideration of the release to me by quitclaim deed, by said Mrs. M. P. Webb and T. J. Webb, of their entire right, title, and interest and claim in and to a certain tract or parcel of land described as follows: The northeast ¼ of section 2, township 6 north, range 18 west, containing one hundred and sixty acres, more or less, in Pope county, Arkansas, as will more specifically appear from articles of agreement for partition of certain lands therein described, entered into the 9th day of January, 1883, by, and between Mrs. M. P. Webb, Thomas J. Webb and Woodford C. Webb, I do hereby grant, sell, convey and quitclaim unto the said Mrs. M. P. Webb and Thomas J. Webb, and unto their heirs and assigns forever, the following lands lying in the county of Pope and state of Arkansas, to-wit: The southeast ¼ and the south ½ of the east ½ of the northwest ¼ of section 11, township 6 north, range 18 west, containing 200 acres, more or less. To have and to hold the same unto the said Mrs. M. P. Webb and Thomas J. Webb, and unto their heirs and assigns, forever, with

all appurtenances thereunto belonging. Witness my hand and seal this 9th day of January, 1883. W. C. WEBB."

Soon after the execution of this deed, Mrs. Webb and T. J. Webb, by an oral agreement, divided their portion of the land, each of them taking about one hundred acres, and they each continued to hold and occupy the portion thus allotted until the death of Mrs. Webb, which occurred in 1896. Mrs. Webb, at the time she married Woodford C. Webb, was a widow, and had three children by her former marriage. One of them, W. S. Nease, she, by a will duly executed, made the residuary devisee of her estate; and under that will he, after her death, claimed the portion of the land above mentioned that had been allotted to her. The appellant, T. J. Webb, brought this action to correct the deed of W. C. Webb to himself and mother, so as to show that the words of inheritance used in said deed did not apply to her portion of the land. The appellee, W. S. Nease, denied his right to any relief, claimed the land under the will of his mother, and asked that his title be quieted. The chancellor found in favor of Nease, and rendered a decree quieting his title to the land, from which decree an appeal was taken.

*Jeff. Davis* and *J. G. Wallace,* for appellant.

The declarations of the parties at or about the time of partition were admissible to show their intentions and their understanding of the contract. 1 Gr. Ev. § 109; 55 Ark. 75; 20 Ark. 597. Mistakes of law are sometimes relieved against in equity. Story, Eq. Jur. 137, 138. Unintentional omissions or insertions are mistakes of fact. 11 L. R. A. 670. The mistake in this case was one of fact, and parol evidence was admissible to show it. 1 Am. Dec. 58; *ib.* 24; 26 Am. Dec. 390; 60 Ark. 304; 50 Ark. 179; 28 Ark. 372; 31 Ark. 252; 33 Ark. 119; 5 Am. Dec. 701; 13 Ark. 593; 5 Am. Dec. 610. The nature of the subject-matter must be considered in construing the contract. 15 Ark. 549. The court erred in applying to this transaction the rules for construing a deed of bargain and sale. Deeds of partition do not fix title. 42 Am. Dec. 210; Lawson, Rights, etc., § 2739; 49 Ark. 104; 47 Ark. 235; 40 *id.* 155; 44 *id.* 334. The intention of the parties is shown by

what they have done under the deed. 46 Ark. 130; 52 Ark. 75; 55 Ark. 417. Wherever a confidential relation exists in any transaction between the parties whereby the superior obtains any benefit, the presumption of undue influence arises, and must be rebutted. 21 Am. St. Rep. 101. The rule applies, also, to transactions occurring shortly after the termination of the relation. 25 Am. Rep. 718; 30 *ib.* 577; 1 Am. St. Rep. 84. The widow having a homestead of her own, she was not entitled to any in her husband's lands. 51 Ark. 432; 45 Ark. 343.

*J. F. Sellers* and *J. T. Bullock*, for appellee.

The statements of the parties, made either before, at the time, or afterwards, cannot be heard to alter or vary the contract. 13 Ark. 125; 15 Ark. 453; 16 Ark. 519; 21 Ark. 69. The agreement and deeds must be construed together. 18 Ark. 65. The acts of the parties under the instrument show its true intention. 5 Laws. Rights, etc. § 2229; Devlin, Deeds, §§ 836–840. To justify a reformation on the ground of mistake, the mistake must be one of fact (and not of law), and mutual. 1 Am. & Eng. Dec. Eq. 232. A mistake as to the legal effect of the word "heirs" is a mistake of law, and is not a ground for reformation . 11 L. R. A. 674; 1 Am. & Eng. Dec. Eq. 232. Family arrangements as to property are to be upheld by the courts. 1 Ch. Gen. Pr. 67; 7 Am. & Eng. Enc. Law, 808; 1 Story, Eq. 132; 23 S. W. 78; 15 Ark. 276. No exceptions were saved to any ruling of the court, and this appeal should be dismissed. Sand. & H. Dig. § 5844 *et seq.* The order overruling the motion for new trial must be excepted to. 11 Ark. 625; 18 *ib.* 355; 19 *ib.* 683; 24 *ib.* 628; 40 *ib.* 251; 44 *ib.* 411. The appeal without this is not sufficient. 34 Pac. 34; 40 Pac. 570; 43 Pac. 1024; 46 Pac. 879; 36 N. E. 896; 29 N. E, 775.

RIDDICK, J., (after stating the facts.) This is an action by T. J. Webb to correct an alleged mistake in a deed from W. C. Webb to M. P. and T. J. Webb. The defendant, W. S. Nease, who claims the land as residuary devisee of Mrs. M. P. Webb, denies that there was any mistake, and asks that his title to the land be quieted. We concur in the ruling of the chancellor refusing to correct and reform the deed. While the

facts and circumstances in proof may be sufficient to arouse a suspicion that this deed, as drawn, did not reflect the intention of the parties, still the evidence bearing on that point is in our opinion not sufficiently clear to justify a reformation of such deed. As stated by the chancellor, when it is clear that a deed or other instrument does not express the intention of the parties, owing to the accidental omission or insertion of a material stipulation, equity can reform the instrument, and correct the mistake; but, to justify such a decree of reformation, the evidence must be clear and convincing. The other two parties to the deed in this case are dead, the evidence bearing on the question of a mistake in the deed is contradictory, and such mistake, if any existed, not clearly established. The prayer of the complaint to that extent was properly refused.

But we are not able to agree with the learned special chancellor in his holding that the effect of the written agreement between W. C. Webb and M. P. and T. J. Webb, and the deed of W. C. Webb to M. P. and T. J. Webb, was to vest an estate in fee to Mrs. Webb to an undivided one half of the land described in the deed from W. C. Webb, and that after the oral agreement of partition, followed by possession, she was entitled to a conveyance of the legal title to the portion allotted. The grantor, W. C. Webb, owned only an undivided half interest in such land. He conveyed this interest to M. P. and T. J. Webb jointly. They each took by this deed from W. C. Webb a half of the interest in such land owned by him. That is, each of them took by this deed a one-fourth interest in the 200 acres of land described in such deed. The fact that they subsequently, by oral agreement, partitioned this 200 acres between them, each of them taking about one hundred acres, does not, in our opinion, show an intention to vest in Mrs. Webb the title to all that portion of the tract allotted to her. If the deed of W. C. Webb only conveyed her an undivided $\frac{1}{4}$ of the 200 acres, and it could not have conveyed more, then the other $\frac{3}{4}$ of the 200 acres was owned by T. J. Webb. But this was subject to a right of Mrs. Webb to homestead and dower. She had relinquished such interest in 150 acres to W. C. Webb in consideration of his conveyance to her, but she had not relinquished the same in the 200 acres. When it is ascertained that she had certain

interests in this land, then the oral agreement of partition made with the other party interested in the land should, in the absence of evidence to the contrary, be attributed to a recognition and allotment of ·the interests that she actually owned, and not be allowed to create a new estate in her. The plaintiff testified that, in making the partition, it was expressly understood between him and his mother that she took only a life estate in the land. No deeds were passed between him and his mother, and his land was separated from hers only by a "turning row," as he calls it. We see in this partition of land between him and his mother nothing inconsistent with his claim of a fee in said land, and the case must be determined by the actual rights of the parties in this land at the time of the partition, as we think they were unaffected by such partition and subsequent possession. The dower and homestead rights of Mrs. Webb in this land passed out upon her death, leaving to be disposed of by her will the undivided $\frac{1}{4}$ interest which she purchased from her son W. C. Webb. The appellee, W. S. Nease, is entitled to this interest as the residuary legatee of his mother, and his title to the same should be quieted. The decree to that extent is right, but for the error in declaring said W. S. Nease to be the owner of the whole tract of land allotted to his mother the decree is reversed and remanded, with an order that a decree be entered settling the rights of the parties, as set out in this opinion.