DENNY *v.* BARBER.

Opinion delivered June 18, 1904.

REFORMATION OF CONTRACT—MISTAKE—SUFFICIENCY OF EVIDENCE.—An instrument will not be reformed for a mistake where the evidence that the contract as written expresses the intention of neither of the parties is not clear and convincing. *McGuigan* v. *Gaines,* 71 Ark. 614, followed.

Appeal from Madison Circuit Court in Chancery.

JOHN N. TILLMAN, Judge.

Reversed.

STATEMENT BY THE COURT.

In 1890 J. M. Denny executed and delivered to Maxfield Barber a promissory note for money borrowed of him, in words and figures as follows, towit:

"$250.                    HUNTSVILLE, ARK., March 24, 1890.

"Twelve months after date I promise to pay to the order of Maxfield Barber the sum of two hundred dollars, with interest from date until paid at the rate of ten per cent. per annum, payable at the office of A. M. Brumfield, Huntsville, Ark.

[Signed]     "J. M. DENNY."

This note was secured by a mortgage, in which the amount of the debt is stated as $200. On the 24th day of April, 1891, Denny paid $25 on the note. On March 24, 1892, he paid same amount, and so on for several years he paid that amount, and was given receipts by the agent of Barber, most of which are in the following form: "Received of J. M. Denny twenty-five dollars interest on note to Barber."

In the year 1901 Barber brought suit in equity to reform the note and mortgage and to foreclose the mortgage. The Madison County Bank, which had a subsequent mortgage on the same property, was made codefendant with Denny. On the hearing the court found in favor of plaintiff, and gave judgment accordingly, from which judgment defendant Denny appealed.

*J. B. Lewis, Oliphint & Gatewood,* for appellants.

Where there is a variance in a note between the amount written and the figures, the former will govern. Tied. Com. Paper, § 28; 19 Mo. 152; 2 Am. & Eng. Enc. Law, 329; Story, Prom. Notes, 24; Chitty, Bills, 182; 2 Am. Rep. 451; 35 *Id.* 236; 59 Am. Dec. 333; 98 *Id.* 524. In construing a contract the intent of the parties will govern as taken from surrounding circumstances. 53 Am. Dec. 652; 13 Conn. 279; 13 N. W. 413; 44 Am. Rep. 688; 59 Ia. 444. The purchaser is protected in relying upon the records as he finds them. 44 Mo. 309; 26 Ohio St. 470; 52 Pa. St. 359; 37 Wis. 449; 29 Barb. 427; 82 N. Y. 32; 27 N. Y. 351; 20 Oh. St. 261; 1 Johns. Ch. 288; 18 Johns. 544; 10 N. Y. 509.

*S. M. Johnson, W. S. & F. L. McCain,* for appellee.

RIDDICK, J. (after stating the facts). This is a suit in equity to reform a note for $200 and a mortgage given to secure the same, so as to raise the amount to be paid from $200 to $250, and to foreclose the mortgage and recover judgment for balance due against defendant.

The plaintiff testified that he loaned the defendant $250 at 10 per cent. interest, but that, through the mistake of the agent who drew the note and mortgage, the amount of the debt was stated as $200 only. His testimony is supported to some extent

by the figures 250 with dollar mark preceding them, which appear on the upper left hand corner of the note, and by the further fact that it is admitted that for several years the defendant paid the annual sum of $25 as interest on the note.

On the other hand, the defendant testified that he only borrowed $200, and intended to give his note for that amount only. He is supported by the fact that the amount of the debt, as written in both note and mortgage, is $200, and it seems a little improbable that a mistake of that kind would have been made in both instruments when drawn by one who knew all the facts.

In addition to this testimony by the plaintiff and defendant, the agent who loaned the money and who drew the note and mortgage testified that the amount named in the note was the result of a mistake, as he intended to make it $250. He testified further on this point as follows: "I remember distinctly that Denny got $250, less perhaps $25 interest in advance for the first year after date of note. The note drew interest at the rate of 10 per cent. per annum from date, but it was Barber's custom at that time to take out one year's interest at the time the note was made, but sometimes he would require two years' interest in advance, and may have done so in this instance. I do not recollect distinctly how much interest was charged in advance."

Taking the whole of the testimony of this witness together, it is evident that he does not remember that Denny received over $200 from Barber. It is true, he says that he remembers that $250 was loaned at 10 per cent., but he says that $25 or $50 may have been deducted for advance interest, thus leaving only $200 to Denny. If that is true, then there may have been some misunderstanding between the parties as to the amount of the note. If Denny received only $200, he may not have intended to execute his note for a greater sum than he received. Before a written instrument is reformed so as to increase the liabilities of the defendant in that way it should appear that the mistake in the amount of the note was common to both parties, and that the contract as written expresses the agreement as understood by neither. The evidence of the mistake must be clear and convincing. *McGuigan* v. *Gaines,* 71 Ark. 614, 77 S. W. 52.

There is room for a difference of opinion about the facts of this case, but, after considering it, we are of the opinion that

the evidence of a mistake is not shown with sufficient clearness to justify a reformation of a written instrument.

It has been argued with much force that the payment of $25 as annual interest on the note at 10 per cent. shows that the parties at that time thought the principal of the note was $250, instead of $200, and this is one of the strongest circumstances in favor of the contention of plaintiff. But defendant states that, at the time he made these payments, he had not seen the note in over a year, and made the payments relying on the statements of the agent that it was the correct amount. While this explanation may not be quite convincing, still it is often the case that men forget the amount of such debts. As he took a receipt for the amount, it was not very important to pay the exact amount of interest, for the principal of the note was at that time overdue, and upon a settlement any excess of interest would go on the principal. Besides, it should require very strong evidence to show that a draughtsman who had acted as agent for the loan of money made the same mistake in stating the amount of the loan both in note and mortgage when the correction is asked to be made twelve years after they were executed. Plaintiff had them in his possession all that time, and should have discovered the mistake sooner. As he did not do so, the contract should stand as written, in the absence of any convincing evidence of a mistake.

On the whole case, we are of the opinion that the evidence of a mistake is not sufficiently clear, and we feel that it is safer to stand by the contract as written. The judgment is therefore reversed, and the cause remanded, with directions to dispose of the case on the basis of a loan of $200 only.