TURNER v. TODD.

Opinion delivered January 6, 1908.

REFORMATION OF INSTRUMENT—EVIDENCE.—A deed will not be reformed upon the ground of an alleged mutual mistake of the parties unless the evidence of such mistake is clear, unequivocal and decisive.

Appeal from Ashley Chancery Court; *James C. Norman,* Chancellor; reversed.

*Robert E. Craig,* for appellants.

To justify the reformation of a deed on the ground of mistake, the proof must be clear, convincing and decisive, not only as to the contract actually made, but also as to the mutuality of the mistake, and this proof must establish a preponderance of the evidence. 55 Am. Rep. 577; 71 Ark. 614; 75 Ark. 72.

*George W. Norman,* for appellee.

BATTLE, J. "The complaint in this suit was filed in the Ashley Chancery Court December 20, 1904. It alleges that plaintiff is the son and only heir at law of Emanuel Todd, who died about six years ago, leaving him surviving, his wife, Minerva Todd, who died in September, 1904. That his father, Emanuel Todd, at the time of his death owned the E. ½ of the N. W. ¼ of Sec. 22, T. 17 S., R. 5 W., 80 acres. That after the death of his father he sold and intended to convey to Minerva Todd the S. ½ of said 80 acres, being the S. E. ¼ of N. W. ¼ Sec. 22, T. 17 S., R. 5 W., but that in drawing the deed a mistake had been made, and he had inadvertently deeded Minerva Todd the whole 80 acres. That he was illiterate, could not read and write; that said deed was not read to him, and he had recently discovered the mistake. That he intended to convey only the south forty acres of this tract. He asked that the deed be reformed according to the intention of the parties.

"On the 27th of November, 1905, appellants intervened in this suit, and filed an answer showing who were the heirs of Minerva Todd, of whom they were a part, admitting the death of Emanuel Todd and Minerva Todd as alleged, and that the title to the land was in Emanuel Todd, but averring that the same had been purchased with the money of Minerva Todd; that the deed should have been made to her, and that she was the equitable owner, and that Wm. Todd denied her title, and that, to settle the matter, it was agreed between plaintiff and Minerva that Minerva should have the northern forty acres on which was located the home, and that plaintiff should have the southern forty acres, which was wild and unimproved. That plaintiff was trifling and impecunious, proposed to sell to Minerva his forty acres, and agreed on certain men to appraise it, and that she was to buy it at this price; that it was appraised; Minerva paid the price for it, and then, being entitled to a deed to the whole eighty acres, the deed was prepared and executed by plaintiff exactly as agreed and intended; and denied the allegations as to mistake, and right to have deed reformed."

The chancery court found that there was a mistake made in the description of the land conveyed by the plaintiff as alleged in his complaint, and ordered that the deed be reformed according to the intention of the parties.

To justify or authorize the "reformation of a written instrument on the ground of alleged mistake, the proof of such mistake must be established, not merely by the preponderance of the evidence, but by proof that is clear, unequivocal and decisive." *McGuigan* v. *Gaines*, 71 Ark. 614; *Varner* v. *Turner*, 83 Ark. 131; *Goerke* v. *Rodgers*, 75 Ark. 75; *Marquette Timber Co.* v. *Chas. T. Abeles & Co.*, 81 Ark. 420; *Arkansas Mutual Fire Insurance Co.* v. *Witham*, 82 Ark. 226; *Tillar* v. *Wilson*, 79 Ark. 256; *Stinson* v. *Ray*, 79 Ark. 592; *Denny* v. *Barber*, 72 Ark. 546; *Webb* v. *Nease*, 66 Ark. 155.

The deed in question was executed by William Todd to Minerva Todd on the 14th day of September, 1899. Minerva Todd, the grantee, died in September, 1904. More than five years thereafter the complaint was filed in this suit, asking for a reformation of the deed. The evidence of the alleged mistake is not "clear, unequivocal and decisive," but on the contrary the preponderance of the evidence shows that it was written and executed as it was intended to be.

The decree is reversed, and the cause is remanded with directions to the court to dismiss the complaint for want of equity.