TEDFORD AUTO COMPANY v. THOMAS.

Opinion delivered June 16, 1913.

1. REFORMATION OF INSTRUMENT—SUFFICIENCY OF EVIDENCE.—A written contract will not be reformed except upon clear and satisfactory proof that the writing fails by reason of fraud, accident or mutual mistake in the preparation or execution thereof, to express the agreement intended to be entered into; so plaintiff can not procure the reformation of a sublease, where it conveys the property intended and the terms agreed upon, upon the sole ground that defendant did not correctly state the amount he paid the original lessor.  (Page 506.)

2. EVIDENCE—VARYING WRITTEN INSTRUMENT BY PAROL.—A written instrument can not be varied by parol evidence of antecedent propositions, correspondence, prior writing or oral statements or representations, the same are deemed merged in the written contract. (Page 506.)

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

STATEMENT BY THE COURT.

The appellant filed a complaint, the object and prayer of which was to reform a lease which appellant alleges it was induced to enter into by the false and fraudulent representations of the appellee, and to recover from appellee certain rents which had been paid him, pursuant to the terms of said lease.  To this complaint, a demurrer and cross complaint was filed.  The cause of demurrer was that the complaint did not allege facts sufficient to constitute a cause of action.  The court sustained the demurrer and entered judgment on the cross complaint, and appellant appealed.

The complaint alleged that on or about December 10, 1910, appellee was the holder of a five-year lease on the building situated at 917 Main Street, Little Rock, Ark., and also owned a lot of machinery, tools, and appliances suitable for garage use, which were located in said building, and on that date sold all the tools and machin-

ery, and sublet the building and premises to appellant. That this was upon consideration that the monthly rental should be the same as that which appellee had himself agreed to pay, and this was represented to be $150 per month for the first year, and $162 per month for the second year, and $200 per month for the remaining part of the lease. That acting upon these representations, appellant paid the agreed price for the tools and machinery, and executed the lease for the premises at the monthly rental stated above, and that he entered into the possession of said property, and paid the rent for the remainder of the month of December, 1910, and for each month thereafter, until and including April, 1912. Appellant further alleged the fact to be that appellee had not contracted to pay the amount of rent represented, but had only contracted to pay $90 per month for the first year, and $104.77 per month the second year, and $117.27 per month for the remainder of the lease. It was further alleged that at the time of making said agreement, appellant asked appellee to assign him his lease, but appellee replied that he did not have a copy thereof, and that his ·lessor was out of the city, and that appellant signed the contract in reliance upon the fact that his rent was the same as that which appellee had been paying. Appellant offered to pay appellee on the first of each and every month, during the remainder of said lease, the same rent which appellee had agreed to pay the owner of the building, and he asked that his contract be reformed so that he should be required to pay no more, and he also asked judgment for the excess over that sum, which he had already paid, amounting to $973.30.

In addition to his demurrer, appellee filed a cross complaint in which he asked judgment for the rent at the contract price, from and after the month of May, 1912. The court sustained the demurrer, and rendered judgment upon the cross complaint, and this appeal is taken from that action.

*James A. Comer,* for appellant.
To maintain an action for damages for false and

fraudulent representations, it must be proven, (1) the fraud related to some matter of inducement to the maker of the contract; (2) that it wrought injury; (3) that the relative position of the parties was such that the contract was based on faith in the statement, and (4) that he did rely upon them in full belief of their truth. The complaint stated a cause of action. 47 Ark. 148; 74 *Id.* 46; 71 *Id.* 309; Benton's Prath. 2 Ward (No.) 385, 20 Am. Dec. 623; 9 Col. 404; 88 Wis. 397; 8 Cal. 159; 163 Ill. 328; 49 Ark. 339; 60 Mech. 470; 87 Ark. 625; 13 Ark. 593; 46 *Id.* 122; 71 *Id.* 185.

*Mehaffy, Reid & Mehaffy,* for appellee.

1. The allegations in the bill do not accord with the contract. The lease is the foundation of the action, and controls the averments in the complaint. All other allegations are merely explanatory. 99 Ark. 218. No reference is made to any other lease or price. Appellant was familiar with its terms, and got what he bargained for and paid rent under the lease.

2. Reformation can be had only where fraud or mistake inheres in the execution of the instrument. 84 Ark. 349. The proof must be clear. 71 *Id.* 614; 75 *Id.* 72; 81 *Id.* 421.

3. Where it is attempted to annex a parol conditional stipulation, it must appear that such stipulation was omitted through fraud, accident or mistake. 60 S. E. 455; 6 So. 264.

4. No case was made for the admission of parol testimony. 38 Ark. 339; 30 *Id.* 186; 13 *Id.* 593; 83 *Id.* 283. The parties were dealing at arm's length with each other. 121 Ill. 161; 11 N. E. 416. See 51 Pac. 888; 47 Ill. 99; 76 *Id.* 71; 20 Am. Rep. 261, 265; 16 Ky. 51.

SMITH, J., (after stating the facts). The lease contract was exhibited with the complaint, and is the foundation of the action, and the allegations of the complaint are explanatory of its terms. *Cox* v. *Smith,* 99 Ark. 218. This lease contract makes no reference to any other lease, or the prices contained therein, and furnishes no means outside of its express terms for measuring the amount of

rent, but its terms are plain and unambiguous, and requires no construction of its terms to ascertain its meaning, nor any reference to any other instrument to ascertain the amount of rent contracted to be paid. It is not alleged that appellant was unacquainted with the terms of the lease exhibited, nor is it contended that he did not get what he bargained for, at the price he agreed to pay, except that he says his rent should have been only that paid by his lessor.

Notwithstanding the allegations of the complaint, as to the false representations, appellant does not ask its rescission, but only its reformation, and this is asked in the face of the fact that appellant always knew the terms of his written contract, and had paid the rent as agreed for about eighteen months. It is not alleged that appellant was deceived in regard to the property itself, or its adaptability to the purpose for which it leased it, nor that the rental value is not in fact equal to the amount agreed to be paid. In the case of *Mitchell Mfg. Co.* v. *Kempner,* 84 Ark. 349, it was said that "a written contract will not be reformed except upon clear and satisfactory proof that the writing fails by reason of fraud, accident or mutual mistake, in the preparation or execution thereof, to express the agreement intended to be entered into," and it was there further said: "The pleadings and proof present no grounds for reformation of the contract. It is neither alleged nor proved that any contract. was agreed upon other than the one signed by the appellee, nor that appellant's agent misrepresented the contents of the writings presented to appellee for their signature.

The solemn written engagements of contracting parties can not be reformed or amended except upon clear and satisfactory proof that the writing fails by reason of fraud, accident, or mutual mistake in the preparation or execution thereof, to express the agreement intended to be entered into."

The case of *Comer et al.* v. *Lehman Durr & Co.,* 6 So. 264, was a proceeding to reform a mortgage, and the court there said: "Equity will reform written contracts

so as to make them evidence what they were intended to evidence—the pact between the parties; but it will not amend a contract entered into under a misapprehension of facts by one party, or both, so as to make of it an agreement which the parties, or either of them, did not contemplate, and which the parties, or one of them, might have declined to execute had both been cognizant of all the facts. This would be, not to make the writing speak the true terms of the agreement, the real intent of the parties —but to make a new contract, embodying terms on which the minds of the parties not only had not met, but with respect to which, in this case, according to the aspect of the evidence most favorable to the complaints, one of the parties had resorted to misrepresentation to avoid. This may have been fraud, it may have afforded grounds for equitable relief against the contract made, but it is not grounds for making a new contract between the parties."

There is nothing in the written contract of lease between appellant and appellee that requires any reference to any other lease, or for that matter to any other writing or transaction to determine the amount appellant was to pay, and in the absence of any allegation of fraud, or such mistake as a court of equity would relieve against, in the execution of this lease, parol evidence will not be permitted to vary it. "Antecedent propositions, correspondence, prior writings, as well as oral statements and representations, are deemed to be merged in the written contract which concerns the subject-matter of such antecedent negotiation, when it is free from ambiguity and complete." *Barry Wehmiller Mach. Co.* v. *Thompson,* 83 Ark. 283.

There are no allegations in the complaint which would authorize the introduction of evidence to vary the terms of the written lease, and under its terms, the court did not err in sustaining the demurrer and rendering judgment on the cross complaint for the rent due, and the decree is therefore affirmed.