HOFFMAN *v*. RICE-STIX DRY GOODS COMPANY.

Opinion delivered January 26, 1914.

1. REFORMATION OF CONTRACT—SUFFICIENCY OF EVIDENCE.—An instrument will not be reformed for a mistake, where the proof of a mutual mistake is not clear, unequivocal and decisive. (Page 208.)

2. BILLS AND NOTES—LIABILITY OF INDIVIDUALS—RECEIVERSHIP.—Where appellee held notes of appellants given for goods bought for a planting corporation, and a receiver was appointed for the latter, and appellee collected a dividend on his claim from the receiver, *held*, appellee may recover the balance due from the appellants. (Page 208.)

Appeal from Clay Chancery Court, Western District; *Chas. D. Frierson,* Chancellor; affirmed.

*J. L. Taylor,* for appellant.

1. The court erred in dismissing appellant's prayer for reformation of the notes. The evidence that the intention was to sign as president of the Hoffman Investment Company is not contradicted. Moreover, appellee treated and recognized the notes as the notes of the investment company, and the fact that it kept them in its possession fourteen months after they became due before it made demand for payment from defendant, is conclusive that it knew of the mistake and of the intention to sign as president of the company. 69 Ark. 407.

2. The evidence is conclusive that the debt for which the notes were given was the debt of the Hoffman Investment Company. Appellee's allegation in the amended complaint that appellant and H. M. Hoffman were partners is not sustained by proof, and the financial statement made by H. M. Hoffman to appellee would be binding upon appellant only in case they were partners and that fact proved. 29 Ark. 512.

The notes were without consideration and are void. 7 Cyc. 701, and cases cited; 65 S. E. 1065; 29 Atl. 922.

3. Appellee is estopped to assert a claim as against appellant. 17 Cyc. 787, and cases cited.

*Appellee, pro se.*

1. There is no sufficient showing for reformation, no clear and convincing evidence of mutual mistake, nor of fraud or undue influence. 71 Ark. 614; 72 Ark. 546. And the self-serving testimony of appellants certainly would not authorize a reformation in the face of the evidence to the contrary including the notes.

2. Appellant is in no position to object to the filing by appellee of the claim with the receiver, since it did not file the claim until requested to do so by the receiver after he had consulted with appellant, and since also all that was paid to appellee by the receiver was credited on the notes.

3. There is no merit in the claim that the notes were without consideration. 7 Cyc. 701, 702; *Id.* 696 (III); 30 Ark. 684; 16 Pet. (U. S.) 1, 10 Law. Ed. 865; 8 How. (U. S.) 470, 12 Law. Ed. 1160.

SMITH, J. Appellee brought suit upon two promissory notes, each for the sum of $331.09, and dated February 10, 1910, and signed by H. M. Hoffman and the appellant, G. A. Hoffman, and due thirty and sixty days after date.

Appellee alleged, and offered proof tending to show, that on or about October, 1909, it sold a bill of goods to the Hoffman Investment Company, a Missouri corporation doing business at Swan Lake, Arkansas, where it operated a farm, and a commissary for the benefit of the tenants on the farm, and that appellant was president of this corporation and his son, H. M. Hoffman, was secretary. That the Investment Company became insolvent and a receiver was appointed by the chancery court of Jefferson County, who took charge of its assets, and that appellee filed the account for which the notes sued on were given with said receiver, but with-

held the notes, and that the receiver paid a dividend of 20 per cent on this account, and that shortly after receiving this dividend and crediting it on the notes, appellees sent the notes to their attorney at Corning for collection. And that later a second dividend of $36.35 was collected and credited on the notes. Appellant admits the execution of the notes, but says their execution was the result of a mistake, in this, that the account was the debt of the Investment Company, a corporation, and that after its maturity appellant as president and his son as secretary of this corporation undertook to execute the notes sued on, for and in the name of the corporation, and that it was the understanding at the time of their execution that they were to be so executed, and that it was a mere oversight in signing their names individually, as was done, and in omitting to sign as president and secretary respectively of the Investment Company. Appellant says that appellee, having participated in the distribution of the assets of the Investment Company, is now estopped from seeking satisfaction from any other source.

Appellee contends that the Investment Company was not a corporation but was a copartnership composed of the Hoffmans, and that credit was given to them as such. When this bill of goods was sold, a statement was furnished of the assets of the Hoffmans which gives some support to this contention. The chancellor made no finding of fact further than that "the defense pleaded by defendant is without merit;" but he may have found that the original debt was that of H. M. Hoffman individually, if not that of himself and appellant jointly.

The evidence on the part of appellee is to the effect that the goods were not sold to the Investment Company, and that they were shipped to H. M. Hoffman and that, when the account matured and was not paid, their representative agreed to accept the two notes of the Hoffmans herein sued on in settlement of the account, and that the notes were executed as it was agreed that they should be. The chancellor may have found the facts so to be, and, if so, we would not say the finding was against

the clear preponderance of the evidence.   At best, there is no such proof of a mutual mistake as would authorize a reformation of the notes.   *McGuigan* v. *Gaines,* 71 Ark. 614; *Denny* v. *Barber,* 72 Ark. 546; *Tedford Auto Co.* v. *Thomas,* 108 Ark. 503.   Nor do we think the appellant's plea of estoppel is well taken.   Appellee was requested by the receiver, after consulting with H. M. Hoffman, to file his claim, and the notes were credited with the full amount received from that source.   If the proof in the record could be said to be legally sufficient to show that the Investment Company was a corporation, it would also appear that the Hoffmans are the owners of all its stock.

Appellant has not been prejudiced by having a part of this note paid out of the proceeds of the receivership and the decree of the court below is affirmed.