EUREKA STONE COMPANY *v.* ROACH.

Opinion delivered October 18, 1915.

1. REFORMATION OF WRITTEN INSTRUMENT—REASON FOR.—In order to justify or authorize the reformation of a written instrument on the ground of fraud or mistake, the evidence of such fraud or mistake must be clear, unequivocal and decisive.

2. REFORMATION OF BOND—SUFFICIENCY OF THE EVIDENCE.—When defendant, in an action on a bond, sought to have the same reformed on the ground that it was not written as the parties intended, *held*, under the evidence that the defendant failed to establish the mistake.

3. CONTRACTS—MORTGAGE OF CHATTEL—RELEASE—QUESTION OF FACT.—A was indebted to B and gave B a mortgage on certain personal property to secure the debt. A wished to remove an article covered by the mortgage, and gave B a bond to indemnify B for any loss occasioned by A's failure to return the property. A thereafter made a deed of certain property to B's heirs, B having died. *Held*, the finding of fact of the chancellor, as to whether the article, whose return was covered by the bond, was released by the execution of the deed to B's heirs, would not be disturbed on appeal, when not against the clear preponderence of the testimony.

Appeal from Carroll Chancery Court; *T. H. Humphreys*, Chancellor; affirmed.

*Festus O. Butt,* for appellant.

1. The obligation of the bond was fully discharged by performance. 79 Ill. App. 443; 43 N. Y. App. Div. 158; 107 Pa. St. 206. The *whole debt* was paid and the mortgage released. 4 Rul. Case Law "Bonds," § 17. There was no liability on the bond whatever.

*J. V. Walker,* for appellees.

1. There was no mistake in the bond such as would justify a reformation. 102 Ark. 326; 94 *Id.* 130; 101 *Id.* 22; 99 *Id.* 480; 83 *Id.* 131; 89 *Id.* 309; 81 *Id.* 166. The proof must be clear, unequivocal and decisive. 84 Ark. 166; 82 *Id.* 226; 101 *Id.* 461; 104 *Id.* 475; 108 *Id.* 503.

2. The conveyance of the real and personal property, did not discharge the obligation of the bond. The channeling machine was not included in the deed. A novation was not proven. 29 Cyc. 1130, 1131; 72 Am. St. Rep. 489; 28 Ark. 193; 29 Cyc. 1139.

HART, J. Appellees instituted this action against appellants to recover on a bond. The facts are as follows:

The Eureka Stone Company, a domestic corporation, was indebted to Fransiszka Massman in the sum of ten thousand dollars. The debt was secured by a mort-

gage on all the real and personal property owned by the corporation. A certain channeling machine was included in the personal property. Fransiszka Massman died and James Roach became administrator of her estate. The corporation wished to use the channeling machine in a quarry it owned and operated in the State of Missouri and obtained permission from one of the heirs and from the administrator of the Massman estate to carry the machine there. The corporation, together with the other appellants, executed a bond in favor of the estate conditioned for the payment of $600 if the channeling machine should be destroyed or not returned to Carroll County, Arkansas, within seventy days after the date of the bond. Appellants failed to return the machine within seventy days after the date of the bond and appellees instituted this action to recover the amount of the bond. Appellants answered and asked for a reformation of the bond, alleging that the agreement was that the machinery should be returned within seventy days after demand made therefor. They also pleaded as a defense to the action that there had been a settlement of the amount owed by the mortgagor to the mortgagee. Appellants asked that the cause be transferred to equity and this was done.

The chancellor found the issues in favor of appellees and from the decree entered of record appellants have duly prosecuted an appeal to this court.

On the question of reformation, the president and secretary of the corporation testified that it was the agreement of the parties that the machinery was to be returned within seventy days after demand made therefor and that by mutual mistake the language of the bond was that it should be returned within seventy days after the date of the instrument. They testified that they returned the machine to Arkansas within seventy days after demand was made for it. They also testified that appellees entered into negotiations with them looking to a sale of the machinery before it was returned.

The testimony of the president and secretary was corroborated by another official of the corporation who testified that the administrator and one of the heirs had talked to him about selling the machinery before its return.

On the other hand, the administrator and the heir referred to testified in positive terms that the bond as written constituted the agreement entered into between the parties and stated that no mistake was made in writing it. They denied that they had demanded a return of the machinery after the seventy days from the date the bond had expired and denied that they had entered into negotiations for the sale of the machinery with the officers of the appellant corporation.

(1) It is the settled rule of this court that to justify or authorize the reformation of a written instrument on the ground of fraud or mistake the evidence of such fraud or mistake must be clear, unequivocal and decisive. *Hoffman* v. *Rice-Stix Dry Goods Co.,* 111 Ark. 205; *Tedford Auto Co.* v. *Thomas,* 108 Ark. 503; *Hearin* v. *Union Saw Mill Co.,* 105 Ark. 455; *Turner* v. *Todd,* 85 Ark. 62, and cases cited. Many other cases might be cited in support of the rule, but the rule is so well settled in this State as to make it unnecessary to do so.

(2) We have not attempted to set out in detail the testimony of the witnesses on the question of reformation and do not deem it necessary to do so but have only stated the substance of it. The testimony was not sufficient to meet the requirements of the rule just announced; it was too nearly evenly balanced and was not of that clear, unequivocal and decisive character required by our decisions.

(3) Again it is contended by counsel for appellants that the decree should be reversed because the mortgage indebtedness had been settled. The record shows that the mortgagor executed a deed to the heirs of the mortgagee to the real estate embraced in the mortgage and to all of the personal property situated thereon at the time of the execution of the instrument. This deed was executed

after the channeling machine had been removed to the State of Missouri. It is not contended that the channeling machine was embraced in the deed but it it the contention of counsel for appellants that the deed was in full satisfaction of the mortgage debt, and the officer of the corporation so testified.

On the other hand the administrator and one of the heirs who participated in the agreement looking to the execution of the deed referred to, testified that the channeling machine was not embraced in the deed and was not intended to be embraced therein, and that the property conveyed lacked several thousand dollars of settling the mortgage indebtedness.

The chancellor found this issue in favor of appellees and we cannot say that his finding was against the preponderance of the evidence. Therefore, under the well settled rule of this court, his finding of fact cannot be disturbed on appeal.

The decree will be affirmed.