## WADDELL *v.* BOWDRE.

Opinion delivered January 23, 1922.

1. REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE.—The rule for the reformation of written instruments on account of fraud or mistake is that the mistake or fraud must be clearly and satisfactorily proved.

2. REFORMATION OF INSTRUMENTS.—A decree reforming a deed for mistake will be set aside where the proof of mistake was so equally balanced that it was impossible to say that the alleged mistake was established by a clear, convincing and satisfactory preponderance of the evidence.

Appeal from Ashley Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*C. P. George* and *Compere & Compere,* for appellant.

The whole case is based upon mutual mistake. If the plaintiff is to prevail, he must do so not only by a preponderance of the evidence, but the proof of the mistake must be clear, unequivocal and decisive, free from reasonable doubt. 101 Ark. 461, 466; 108 *Id.* 503, 506; 132 *Id.* 227. The authority of Ross to include the land in section 27 in the deed must be proved. 23 R. C. L. 328. It was Cagle's duty to know Ross' authority. 139 Ark. 16; 2 C. J. 565, note nine (b); 34 Cyc. 920. Equity will not relieve against mistake where the party complaining had within his reach the means of ascertaining the true state of facts and, without inducement by the other party, neglected to avail himself of the opportunities for information. 23 R. C. L. 349; 104 Ark. 475; 34 Cyc. 948, note 56.

*R. W. Wilson,* for appellee.

Appellant admitted that Ross was his agent with written authority to sell the land. He is bound by the acts of his agent. 21 R. C. L. 904 (81); *Id.* 907 (84).

It is clear from the evidence that the land in controversy was sold and bought in each transaction, was omitted from the deed from Waddell to Cagle, and unin-

tentionally omitted from the deed from Cagle to Bowdre and Nesbitt. The case calls for reformation. 23 R. C. L. 335 (37) ; *Id.* 329 (21) ; 98 Ark. 10 ; 132 Ark. 227 ; 143 *Id.* 581.

Conceding that the proof of mistake must be clear, unequivocal and decisive, the rule does not call for proof beyond a reasonable doubt. If it is clear, it is sufficient if it only preponderates. 144 Ark. 23 ; 146 *Id.* 36.

The decree should not be reversed unless it is contrary to a clear preponderance of the evidence. 106 Ark. 569 ; 129 *Id.* 197 ; 130 *Id.* 178.

Humphreys, J.   Appellees instituted suit against appellants in the Ashley Chancery Court to reform a deed executed by appellants to appellee, T. L. Cagle, of date March 2, 1918, so as to include the fractional east half of northeast quarter of northeast quarter of section 27, township 15 south, range 4 west, containing about ten acres, upon the allegation that the land in question was sold by appellants to said appellee along with other lands and was omitted from the deed conveying same through a mutual mistake of the parties. Appellants filed an answer, denying the material allegations of the bill. The case was submitted to the court upon the pleadings and evidence, which resulted in a decree reforming the deed so as to include said ten-acre tract. From the decree of reformation an appeal has been duly prosecuted to this court.

The land in question is a narrow strip, between a quarter and a half mile long, fronting on the public road and Bayou Bartholomew. It was in section 27, and the other lands conveyed in the deed were in sections 22, 23, 24, 25 and 26, in the same township. The strip in question adjoined lands described in the deed and was immediately north of the incorporated town of Morrell. On the date the conveyance was made about four acres of the ten-acre strip was enclosed in a large field, and the balance in a pasture. About 980 acres of land was described in the deed, and was conveyed for the recited

consideration of $71,500. The land conveyed in section 22 fronted on the bayou, and that frontage, together with the ten acres, would have made an entire frontage on the bayou of about two and a-half miles. The lands were sold through an agent, W. C. Ross.

W. C. Ross testified, in substance, that he sold the plantation to T. L. Cagle as agent for appellants; that after his employment to sell the lands appellant, J. M. Waddell, pointed out the lines to him, including the ten acres in question, in the presence of a Mr. Kerr who accompanied them, and as a favorable feature to be used in selling the land stated that it had a solid bayou front of about two and a-half miles by dirt road; that when he sold the plantation to T. L. Cagle he pointed out the boundary lines so as to include the ten acres in question, and used as an argument to effect the sale that the plantation had a frontage on the bayou of about two and a-half miles; that later he effected a sale of the lands, as agent of T. L. Cagle, to A. R. Bowdre and A. J. Nesbitt, and in doing so pointed out the same boundary lines which he had shown Cagle at the time he purchased same, and used the same argument in order to effect the sale to them that he had used to Cagle with reference to the long frontage on the bayou; that his agency for the sale of the lands for appellants was in writing.

T. L. Cagle testified, in substance, that he bought and sold the plantation through W. C. Ross, first acting as agent for appellants and then for himself, believing that he was buying and selling the ten-acre strip in question; that the boundary lines were pointed out to him by 'W. C. Ross so as to include the ten-acre strip, and the argument was made to him to induce the purchase that the plantation had a frontage of two and a-half miles on the bayou; that three or four acres of the ten-acre strip was enclosed in the main part of the farm, a portion of it fenced as a pasture, and the balance outside lying along the bayou front; that he took possession of it and collected rents on it in 1918 when he purchased

same; that he later sold it through his agent, W. C.
Ross, to A. R. Bowdre and A. J. Nesbitt, and delivered
them possession of the plantation, including the ten acres,
in January, 1919. .

A. R. Bowdre and A. J. Nesbitt testified, in sub-
stance, that they purchased the plantation from T. L.
Cagle in 1918, including the ten-acre tract in question,
and obtained possession thereof in January, 1919; that
at the time of the purchase the boundary lines were
pointed out to them by W. C. Ross, Cagle's agent, so as
to embrace the ten-acre tract in question, and that at the
time the agent, as an inducement for the sale, repre-
sented that the plantation had a frontage on the bayou
of about two and a-half miles; that, unless the ten acres
was included, the frontage on the bayou would fall short
of that distance; that after taking possession in Janu-
ary, 1919, appellant, J. M. Waddell, claimed the right to
the possession and ordered their tenants to remove; that
thereafter the suit for reformation was commenced:
that they did not obtain information from J. M. Waddell
at his home that he had not intended to convey and would
not convey the ten acres in controversy to T. L. Cagle;
that they did not go to the home of J. M. Waddell for
the purpose of obtaining information about the land, but
to settle certain notes which they had assumed to pay.

Bernard Johnson testified that his father, brother
and himself cultivated that part of the land in dispute
in 1918; that they entered upon it in 1916 under a rental
contract with J. M. Waddell; that Mr. Waddell de-
manded the rent for the year 1918, but they paid it to
Mr. Cagle.

J. M. Waddell testified, in substance, that he did not
own the entire ten-acre tract when he made the deed to
T. L. Cagle to the plantation: that he had sold and con-
veyed several lots off of the tract to other parties prior
to the sale to Cagle; that he did not sell or intend to sell
any part of the ten-acre strip to Cagle: that he only in-
tended to sell him what was described in the deed; that

he did not point the ten-acre tract out to Ross and Kerr as a part of the plantation he had listed with Ross for sale; that he did not make any representation to Ross that he was selling the tract in controversy; that Ross was his agent to sell the land actually conveyed by him to Cagle, and that the only authority given Ross was conferred in writing; that before Bowdre and Nesbitt bought the land from Cagle they came to his home and inquired whether he had deeded the ten acres to Cagle, and were informed that he had not and did not intend to do so; that he owned other property adjacent to the property sold besides the ten-acre tract in controversy; that he did not deliver possession of said tract to appellees, but retained possession and control thereof until February, 1919, when appellees took possession without his consent.

Olivia Waddell, wife of J. M. Waddell, testified that she and her husband did not sell or intend to sell the ten-acre tract to Cagle; that it was their home where all their children were born, and where they had spent the happiest years of their lives; that it would have been hard for her to sign, and she did not think she would have signed, the deed if the ten-acre tract had been included in the sale; that she heard her husband tell Bowdre and Nesbitt, before they purchased from Cagle, that he had not made and would not make a deed to the tract in controversy.

W. E. Waddell, son of J. M. Waddell, testified that W. C. Ross asked him if his father intended for the land sold to go to the bayou on the west side, and he told him his father had said he did not list or intend to sell the ten-acre strip in section 27 fronting on the bayou.

Ben Johnson testified that he went upon the ten-acre tract in 1916 under rental contract with Mr. Waddell, and remained on the place until the contract with Mr. Waddell during the year 1918; that Mr. Waddell furnished him during the year 1918, and that he settled for the supplies in full; that he paid the rent on the land

in controversy to Mr. Cagle for the year 1918, but that Mr. Waddell demanded the rent, claiming to be the owner of the land; that in January, 1919, Mr. Waddell demanded possession of the land, but that Mr. Bowdre told him to remain upon it until he was ousted by law.

If the issues involved on this appeal were determinable under the rule of a mere preponderance or weight of the evidence, we would be inclined to sustain the decree of the chancellor, as the evidence is so nearly in equipoise. It is so evenly balanced that it is hard to tell where the weight of the evidence is. On the one hand, the agent, Ross, testified that the grantor, J. M. Waddell, pointed out the ten-acre tract in controversy as a part of the plantation listed with him for sale, and suggested that the ten acres would make a frontage on the bayou for the plantation of about two and a-half miles. His subsequent conduct in making the sale corroborated his statement. On the other hand, J. M. Waddell flatly denied that he authorized Ross to sell the ten-acre tract or that he pointed it out as a part of the plantation listed with Ross for sale. He is supported by the fact that he did not at the time own all of the ten-acre tract, having theretofore sold several lots off of it to other parties. Also, by the testimony of his wife, who says she thinks she would not have signed the deed, had it been included, on sentimental grounds. Also, by the fact that the tract was not included in the deed conveying the plantation. The possession and collection of the rents is of little corroborative value, because the possession thereof was in dispute and the rent claimed by both.

The rule for the reformation of written instruments on account of fraud or mistake is that the mistake or fraud must be clearly and satisfactorily proved. This court, in the case of *Welch* v. *Welch,* 132 Ark. 227, quoted with approval from the case of *Duecker* v. *Goeres,* 80 N. W. 91 (Wis.), as follows: "Testing the findings under consideration by the familiar rule that to warrant the reformation of a written instrument because of fraud

upon the one side and mistake upon the other, or of mutual mistake, the facts in that regard must be made to appear by the most clear and satisfactory evidence, so as to leave no room for reasonable controversy on the subject, they cannot be sustained.'' The same rule, in substance, was announced by this court in *Wales-Riggs Plantations* v. *Banks,* 101 Ark. 461, and *Tedford Auto Co.* v. *Thomas,* 108 Ark. 503.

The proof is so equally balanced in the instant case that it is impossible for us to say that the alleged mistake not to include the ten-acre tract in section 27 in the deed was established by a clear, convincing and satisfactory preponderance of the evidence. The evidence does not meet the requirement of this wholesome rule. The solemnity of written obligations or contracts forbids reformation upon any other theory than the clear-proof rule.

For the error indicated, the decree is reversed, and the cause remanded with directions to dismiss the bill for want of equity.