Arkansas Bank & Trust Company *v.* State Bank of
Poplar Bluff.

## Opinion delivered December 8, 1924.

1. REFORMATION OF INSTRUMENT—SUFFICIENCY OF EVIDENCE.—In a suit to reform a deed of trust to include land omitted by mutual mistake, evidence of such mistake *held* to be clear, unequivocal and convincing.

2. ATTACHMENT—ABANDONMENT OF LIEN.—Where a creditor securing an inchoate attachment lien on the debtor's property failed to perfect it and accepted a deed of trust in lieu thereof, such action was tantamount to an abandonment of the attachment and thereby let in an intervening lien of a deed of trust of a third person which was recorded before the attaching creditor's deed was recorded.

3. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF TESTIMONY.—In the absence of testimony to the contrary, it is presumed on appeal that the action of the trial court in excepting dower and homestead rights from the lien of a deed of trust was correct.

Appeal from Jackson Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Boyce & Mack,* for appellant.

To justify or authorize the reformation of a written instrument on the ground of mistake or fraud, the evidence of such mistake or fraud must be clear, unequivocal and decisive. 120 Ark. 326; 152 Ark. 110. Where the mistake is the result of one's own carelessness or inattention, a court of equity will not interfere in his behalf. 4 Md. Ch. Ct., 335; 85 N. E. 256; 81 Ill. 130; 25 Am. Rep. 270; 60 Neb. 771; 8 N. W. 260. Those who seek the equitable relief must show that they are without negligence in the matter. 24 Am. & Eng. Ency. of Law, 656.

*Gustave Jones,* for appellee.

An acknowledgment taken over the telephone is good. 158 Ark. 179.

WOOD, J. This action was instituted in the chancery court of Jackson County, Arkansas, by the State Bank of Poplar Bluff and J. W. Ivy, as trustee (hereafter called the appellees), against the Arkansas Bank & Trust Company and W. R. O'Neal and Clarissa O'Neal. The Arkansas Bank & Trust Company will be hereafter called appellant. Appellees alleged that W. R. O'Neal and Clarissa O'Neal, his wife, on or about the 3rd of October, 1919, executed their promissory note to the Farmers' Savings Bank of Butler County, Missouri, in the sum of $5,000, and a deed of trust to John Ivy, meaning J. W. Ivy, trustee, to secure said note on the following lands in Jackson County, Arkansas, to-wit: "All of lot 8 in block 21 of the city of Newport, Arkansas," which deed of trust was duly recorded in said county; that the Farmers' Savings Bank assigned the said indebtedness and the security to appellee State Bank of Poplar Bluff; that the grantors in the deed of trust at the time wrote to the Farmers' Savings Bank, the beneficiary, that the land embraced in the deed of trust fronted ninety feet on Walnut Street running back to an alley 142 feet in the city of Newport; that the description set forth as lot 8 in the deed of trust contained said frontage; that afterwards it was discovered that lot 8 is only 35 feet on Walnut Street, fifteen feet thereof having been conveyed to the trustees of the Christian Church, and that the other fifty feet intended to be embraced in said deed is lot 9 of said block 21; that the Farmers' Savings Bank relied upon the representations as to the size of the lot and the land to be embraced in the deed of trust, and the grantors intended that same should be embraced in said deed of trust, and it was therefore a mutual mistake of the parties; that the deed of trust was not drawn so as to embrace the lots intended to be conveyed as above set forth. Appellees alleged that, to cure the defect in the original deed of trust, as above set forth, the O'Neals

afterwards executed a deed of trust to the Farmers' Savings Bank dated October 3, 1919, which was duly recorded, intending thereby to carry out the original conveyance, and that this deed of trust inured to the benefit of the appellees.

Appellees further alleged that the appellant brought a suit against the O'Neals and the Farmers' Savings Bank, and, as ancillary thereto, caused a writ of attachment to be issued and levied upon all of said lots; that the transfer and sale of the indebtedness and the security therefor to the appellee, State Bank of Poplar Bluff, was long prior to the institution of the suit by the appellant against the Farmers' Savings Bank and the O'Neals; that the O'Neals, in consideration of the dismissal of the suit and the attachment above set forth, executed to the appellant a mortgage or deed of trust on the property intended to be embraced in the deed of trust securing the indebtedness which had been transferred to the appellee; that, notwithstanding the above agreement to dismiss the attachment proceedings, the appellant is still seeking some right under said attachment. Appellees alleged that, by reason of the acceptance by the appellants of the deed of trust or mortgage before mentioned, the appellant had abandoned its action, and the attachment against the property described was thereby discharged; that the indebtedness of the O'Neals to the Farmers' Savings Bank of Missouri, which had been transferred to the appellee, was past due and unpaid; that it amounted to $5,987.52. Appellees prayed that the deed of trust given to secure such indebtedness be reformed to carry out the intention of the parties thereto, and that appellees have judgment in the sum above mentioned, and that the deed of trust as reformed be foreclosed to satisfy such judgment, and that the appellant be pretermitted until appellees' judgment should be satisfied.

Appellant, in its answer, challenged the right of the appellees to have the deed of trust reformed as alleged and to have the same declared a first lien on lots 8 and 9 of block 21 of the city of Newport, and alleged that, prior

to the institution of this suit, it had instituted an action
in the chancery court of Jackson County against the
O'Neals on an indebtedness due the appellant, in which
action it had an attachment issued and levied on lot 9
and also on lot 8, block 21, described in appellees' com-
plaint. It was also alleged that appellant had a superior
lien on the property described in appellees' complaint by
virtue of a certain deed of trust executed by W. R. O'Neal
and Clarissa O'Neal on May 31, 1921, conveying the above
property to a trustee for the benefit of the appellant.

The cause was heard upon the pleadings and exhibits
and the depositions of the witnesses. W. R. O'Neal tes-
tified that he and his wife, Clarissa O'Neal, executed a
deed of trust on October 3, 1919, to the Farmers' Savings
Bank of Butler County, Missouri, to secure an indebted-
ness of $5,000, which he borrowed from that bank. Wit-
ness told Mr. Chapman, the cashier of the bank, that he
had two lots in Newport, and gave him the deed to draw
up the papers and mortgage. It was witness' intention
to embrace both lots as security for that debt. The State
Bank of Poplar Bluff, appellee, after it had taken the
mortgage over from the Farmers' Savings Bank, dis-
covered that lot 9 had been omitted from the mortgage.
Witness got appellee to take over the debt and mortgage
from the Farmers' Savings Bank. The cashier of the
appellee didn't notice for some time that the mortgage
didn't include lot 9, and witness said that he thought the
mortgage covered both lots. It was the intention of wit-
ness and his wife to include the business lots on Walnut
Street in the city of Newport, 100 feet front on Walnut
Street, less what witness had sold to the Christian Church.
Witness had before that sold fifteen feet off of his lot
next to the church. The appellee didn't discover the
error until the appellant brought suit against witness.
Then they came down and brought the deed of trust they
had bought from the Farmers' Savings Bank and asked,
"How is this, that we haven't got a deed of trust to both
lots down there in Newport?" Witness told them he
was no lawyer, and had nothing to do with the drawing

of the deed of trust, and that it was witness' understanding that they had a deed of trust on both lots down there. These were lots that witness had bought from Mrs. Creighton, and witness gave the deed to the cashier of the Farmers' Savings Bank to draw up the papers, and witness attached a copy of that deed as an exhibit. Witness had given no other security to appellee to secure the indebtedness covered by the $5,000 note which was transferred to the appellee. Witness did give a mortgage to the Farmers' Savings Bank covering the bakery, machinery and fixtures, to secure this same note that witness gave the deed of trust on the property in Newport to secure.

Witness further testified that he and his wife were sued by the appellant in the chancery court of Jackson County, recently, and that action was compromised out of court. Witness and his wife both executed a mortgage to the appellant to secure a debt he owed appellant. The appellant agreed, if witness would give a mortgage on the two lots and the house, they would stop the suit, and witness executed the mortgage, which appellant now holds, with that understanding.

The cashier of the Farmers' Savings Bank, appellee, testified that it was agreed between him and the O'Neals that O'Neal was to give a deed of trust on some business property in Newport to secure a promissory note of $5,000 executed to the Farmers' Savings Bank. Witness didn't know the property personally, but O'Neal stated that the deed of trust was to cover the entire piece of business property except the part that he had sold to the church. Witness was shown the deed of trust, and stated that he didn't know who drew it. He didn't know why it didn't include all the property, as it was his understanding that the appellee was to get all the business property of O'Neal which he had recently acquired in Newport, except that part sold to the church. Witness didn't recall any of the circumstances in regard to the preparation and execution of the note and deed of trust. He handled the transaction of the assignment of the note

and deed of trust from the Farmers' Savings Bank to the appellee through Mr. Hayes, cashier of the appellee.

P. C. Hayes, cashier of the appellee at the time, testified that O'Neal came to him asking for a line of credit, and stated that he owed the Farmers' Savings Bank $5,000 secured by a business lot in the town of Newport, Arkansas. He stated that he paid $5,000 for the lot, but had since sold off fifteen feet to a church. Witness asked O'Neal what was the size of the lot, and he stated that it was 100 feet less fifteen feet. Witness asked Mr. Chapman, cashier of the Farmers' Savings Bank, about the security, and he said that it was a business lot in the town of Newport. Witness discovered that a part of lot 9 was omitted from the deed of trust in October, 1920. He asked Mr. O'Neal again about it, and he reiterated that the deed of trust included one 100-foot lot. Witness let it go for a while, until he saw the complaint of appellant. The appellee had other security—a chattel mortgage covering the fixtures, machinery and equipment of the bakery shop—which was given prior to the purchase of the $5,000 note. When witness took over the note from the Farmers' Savings Bank, he had in mind that it was secured by a 100-foot lot. If witness had known that it only included a fifty-foot lot, he would not have bought the paper. O'Neal made the statement that the lot was 100 feet when he came to the appellee as its customer in November, 1919.

John E. Williams testified that he was the cashier of the appellant, and was familiar with the action brought by the appellant in the chancery court of Jackson County against O'Neal and others on an indebtedness to the appellant, which suit was instituted in the summer of 1920. Later O'Neal executed a deed of trust to the appellant to secure the payment of this indebtedness. At the time this deed of trust was executed the appellant had no knowledge of a deed of trust executed by O'Neal and wife on November 27, 1920, correcting a former deed of trust under which the appellee claims. There was no record at that time of this deed of trust of November 27,

1920; that was not filed for record until June 1, 1921. At the time O'Neal gave the deed of trust to the appellant, there was no agreement made that the suit then pending in the Jackson Chancery Court by appellant against the O'Neals would be dismissed. The consideration for the deed of trust executed by the O'Neals to the appellant was the original indebtedness due by the O'Neals to the appellant, and was given in consideration that the time for payment of this indebtedness should be extended.

Chas. D. Henry testified that he was the president of the appellant, and was familiar with the action brought by the appellant in the Jackson Chancery Court against O'Neal and others, in which the property of O'Neal was attached, and appellant later obtained a deed of trust from O'Neal to secure the payment of his indebtedness to appellant on the agreement of appellant to extend the time of payment for such indebtedness. There was no agreement between the appellant and O'Neal to dismiss the action, except as to O'Neal's home. Appellant didn't agree to dismiss the action with regard to the lots on Walnut Street and claimed by the appellee. At the time appellant obtained the deed of trust from O'Neal under which it now claims, it had no knowledge of the deed of trust now set up by the State Bank of Poplar Bluff as a correction of the deed of trust which this action was brought to reform. There was an agreement to the effect that the deed of trust from O'Neal and wife on the 27th of November, 1920, executed to the appellee, Farmers' Savings Bank, to correct the description of the property in the original deed of trust from O'Neal and wife to the Farmers' Savings Bank, was filed for record in the office of the recorder on June 1, 1921.

The trial court found that the O'Neals executed to the Farmers' Savings Bank of Butler County, Missouri, their promissory note in the sum of $5,000, October 3, 1919, and that, to secure the payment of same, they executed their deed of trust to all of lot 8, block 21, city of Newport, Arkansas, and that it was the understanding and agreement between the parties at the time that the

deed of trust should cover a frontage of ninety feet on Walnut Street, in block 21 of the city of Newport, which would have included all of lot 9 and 35 feet of lot 8 in said block; that thereafter, on the 27th day of November, 1920, the O'Neals executed and delivered to the Farmers' Savings Bank of Butler County, Missouri, their deed of trust correcting such description and embracing lot 9, block 21, aforesaid, but that same last named deed of trust was not properly executed and acknowledged by Clarissa O'Neal; that thereafter the O'Neals executed and delivered to the appellant their deed of trust dated May 31, properly executed and acknowledged by Clarissa O'Neal, whereby her dower interest in lot 9 was conveyed to the appellant; that, prior to the institution of this action, the note and deed of trust held by the Farmers' Savings Bank were transferred and assigned to the appellee.

Upon these findings the court entered a decree in favor of the appellees against the O'Neals for the amount of the note with interest in the sum of $6,767.50, and decreed that the deed of trust of October 3, 1919, be reformed so as to embrace lot 9 and all of lot 8 except a strip 15 feet wide off the east side thereof, block 21, and declared the same to be a first lien on the property as above described, subject to the dower rights of Mrs. Clarissa O'Neal in lot 9, and directed that the property be sold and the proceeds held subject to the further order of the court. From that decree is this appeal by the appellant, and the appellee cross-appeals here from that part of the decree denying the appellee right to the dower interest of Mrs. Clarissa O'Neal in lot 9.

1. While there are some discrepancies in the testimony of the witnesses who testified for the appellee as to whether the deed of trust of October 31, 1919, should be reformed so as to embrace lot 9 and all of lot 8, block 21, city of Newport, Arkansas, except a strip fifteen feet wide off the east side of lot 8, as contended by the appellee, yet these discrepancies are unimportant, as they do not relate to the essentials which the appellee was required to prove

in order to entitle it to reformation. These essentials are, that it was understood and agreed by the O'Neals and the Farmers' Savings Bank at the time the deed of trust was executed, and as a consideration therefor on the part of the O'Neals, that the property as last above described was to be embraced in the deed of trust to secure the $5,000 indebtedness to the Farmers' Savings Bank. The testimony of O'Neal, who conducted the negotiations for himself and wife, and the testimony of Chapman, who conducted the negotiations for the Farmers' Savings Bank, was clear and unequivocal to the effect that it was their understanding that the property as above described was to be included. O'Neal states that he told Chapman that his business property in Newport was to be included; that he and his wife intended to secure the debt to the Farmers' Savings Bank by a mortgage on all the Walnut Street property except fifteen feet off of lot 8, which he had sold to the Christian Church. Chapman's testimony was to the effect that it was their understanding that the bank was to have a deed of trust on all of O'Neal's business property which he had recently acquired.

So we conclude that the testimony is clear, unequivocal and convincing that it was the intention of the parties to the deed of trust to embrace the property as same is described above in the decree reforming the deed. Such was the manifest intention of the parties to the instrument, and the O'Neals afterwards undertook to effectuate their intention by executing an instrument on November 27, 1920, designated a deed of trust, in which the Farmers' Savings Bank was the beneficiary, describing the property as they intended it should be in the original deed of trust of October 3, 1919. The evidence is clear, unequivocal and decisive that the parties to the original deed of trust intended to include the property described in the court's decree reforming that instrument, and that the failure to so describe the property was the result of a mutual mistake. The proof meets the requirements of the law in such cases. *Eureka Stone Co.*

*v. Roach,* 120 Ark. 326; *Tri-State Construction Co. v. Watts,* 152 Ark. 110.

2. The appellant contends, however, that the appellee was not entitled to have the deed of trust reformed because, before the appellee instituted this action for that purpose, the appellant had acquired a specific lien on the property by an attachment which had been issued in the action in chancery and levied on lot 9, and, by a deed of trust executed by the O'Neals to appellant, embracing the same property, that the lien thus acquired by the appellant is superior to the lien of the appellee because of negligence on the part of the appellee in not having his deed reformed before the alleged rights of the appellant accrued. The appellant would be correct in its contention if it had perfected its inchoate attachment lien. See *Hawkins v. Files,* 51 Ark. 417. But the specific inchoate lien obtained by the attachment was not followed up and perfected by a judgment or decree in that action in favor of the appellant against the O'Neals. *Merrick & Fenno v. Hutt,* 15 Ark. 333; *Lamb v. Belden,* 16 Ark. 541; *Frellson v. Green,* 19 Ark. 378. Instead of doing this, appellant accepted the deed of trust executed May 31 and acknowledged June 1, 1921, and recorded June 11, 1921. This action on the part of the appellant was tantamount to the abandonment of its inchoate attachment lien; and the appellee had its corrected deed of trust put of record on June 1, the day appellant's deed of trust was acknowledged, and ten days before appellant's deed of trust was recorded. It thus appears that, in the race of diligence between these creditors, the lien of the deed of trust under which the appellee claims was prior in point of time to the deed of trust under which the appellant claims. The appellee's equities therefore under its corrected deed of trust are paramount to those of the appellant, and the trial court did not err in so holding.

3. The appellees contend on cross-appeal that the trial court erred in not foreclosing the deed of trust on the dower and homestead rights of Mrs. Clarissa O'Neal,

but appellees do not present any testimony to sustain such contention. The trial court found that the deed of trust of November 27, 1920, executed by the O'Neals, was not properly acknowledged by Mrs. O'Neal, and bottoms its decree as to dower and homestead on such finding. Appellee does not abstract the testimony on this issue, nor do we find any testimony on this issue abstracted by the appellant. Therefore, in the absence of any testimony to the contrary, it must be presumed that the court's decree is correct on the issue raised by the cross-appeal.

We find no error in the decree of the court, and it is therefore in all things affirmed.